**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:04-cr-00187-RK-02 |
| | ) | |
| JIMMY J. BOWMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Defendant Jimmy J. Bowman's pro se motion for a writ of error coram nobis related to multiple convictions stemming from an attempted armed robbery. (Doc. 417.) Specifically, Defendant asserts that his conviction under Count Three, using a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c), violates the Supreme Court ruling in *United States v. Taylor*, 596 U.S. 845 (2022). Relying on this ruling, Defendant contends that he is "actually innocent" of the offense charged under § 924(c) because attempted armed bank robbery is not a crime of violence. Defendant asks the Court to vacate his conviction, dismiss Count Three, and grant a new trial on the remaining charges. (Doc. 417 at 2.) The Government filed suggestions in opposition to Defendant's motion. (Doc. 423.)[1] The time for Defendant to reply has expired.

First, as explained further below, attempted armed bank robbery under 18 U.S.C. §§ 2113(a), (d), and 2 is categorically a crime of violence under 18 U.S.C. § 924(c), even after *Taylor*. Therefore, Defendant fails to show any error or a compelling basis or circumstance entitling him to coram nobis relief. Second, Defendant does not demonstrate that he is suffering from adverse collateral consequences (or ongoing civil disability) due to an allegedly wrongful conviction. Third, and finally, even if Defendant were entitled to the relief he seeks on the merits, he is procedurally barred by from seeking coram nobis relief at this time because he has previously filed a § 2255 motion and has not presented credible new evidence or identified a new rule of

---

[1] Initially, the Government mis-identified the movant, and responded as though Defendant James E. Bowman were moving for a writ of error coram nobis. (Doc. 418.) After Defendant moved for clarification, the Court provided the Government with an opportunity to respond as to Jimmy J. Bowman. (*See* Docs. 421, 422.)

constitutional law that was previously unavailable to him.  Accordingly, Defendant's pro se motion for a writ of error coram nobis is **DENIED**.

## Background

Defendant was convicted on several charges following a jury trial, including (1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One); (2) attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count Two); (3) using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) and 2 (Count Three); and (4) being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Five).  (*See* Doc. 233 at 1.)  The district court[2] sentenced Defendant to a total sentence of 192 months' imprisonment (specifically, "60 months on Count 1, 108 months on Counts 2 and 5, said terms to run concurrently.  84 months on Count 3 which is to run consecutively to the sentences imposed in Counts 1, 2 and 5").  (Doc. 233 at 2.)

Defendant challenged the sufficiency of the evidence on appeal, and his conviction was affirmed by the Eighth Circuit following a review of the record.  *See United States v. Bowman*, 205 F. App'x 472, 472-73 (8th Cir. 2006).  Additionally, Defendant filed a motion under 28 U.S.C. § 2255, which was denied by the district court.  *See Bowman v. United States*, No. 4:08-cv-00109-GAF (W.D. Mo. Aug. 18, 2008), *certificate of appealability denied*, No. 10-3852 (8th Cir. Apr. 7, 2011).  Defendant was released from custody on May 3, 2018, and completed his term of supervised release on May 2, 2023.  Defendant now moves for a writ of error coram nobis.

## Discussion

A writ of error coram nobis is a long-standing common law remedy intended to correct errors of fact that impact the validity of the underlying judgment.  *United States v. Morgan*, 346 U.S. 502, 506 (1954).  "The writ of error coram nobis is an extraordinary remedy reserved for correcting errors of the most fundamental character."  *Id.* at 12.  It is the proper way to "attack[ ] the validity of a sentence which has already been served."  *Mustain v. Pearson*, 592 F.2d 1018, 1021 (8th Cir. 1979).  The authority for federal courts to grant this remedy is found in the All Writs Act, 28 U.S.C. § 1651(a), and is articulated as "a step in the criminal case and not, like habeas

---

[2] United States District Court Judge Gary A. Fenner sentenced Defendant in this case.  (Doc. 233.) Because of Judge Fenner's inactive-senior status, the case was reassigned to this Court for all further proceedings on December 3, 2025.  (Doc. 420.)

2

corpus . . . the beginning of a separate civil proceeding." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *Morgan*, 346 U.S. at 506).

A writ of error coram nobis is nevertheless "of the same general character as [a motion] under 28 U.S.C. § 2255." *Id.* (internal quotation marks omitted). The Eighth Circuit has echoed that this "extraordinary remedy" may only be applied when a "fundamental error" has been committed, warranting relief for a criminal defendant who is no longer in custody. *Id.* at 956. A defendant must "show a compelling basis before coram nobis relief will be granted." *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996). In addition, coram nobis relief is not available "unless a petitioner can show that he . . . suffers from ongoing civil disabilities, or adverse collateral consequences, due to his . . . allegedly wrongful conviction[.]" *Tufte v. United States*, 16 F.3d 1228 (Table), at *1 (8th Cir. 1994) (unpublished disposition per curiam) (citation omitted).

The Supreme Court has cautioned that "judgment finality is not to be lightly cast aside; courts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009). Coram nobis relief is not warranted where the error complained of was not of the most fundamental character or could have been raised earlier on direct appeal or in a 28 U.S.C. § 2255 motion. *Comacho-Bordes*, 94 F.3d at 1173; *Azzone v. United States*, 341 F.2d 417, 419 (8th Cir. 1965) (per curiam) ("Coram nobis may not be used as substitute for an appeal."); *see Sawyer v. Whitley*, 505 U.S. 333, 338 (1992) (successive habeas petition raising identical grounds as prior petition must generally be dismissed).

## I.  Defendant's Conviction under § 2113(a) and (d) Is a Crime of Violence

Here, Defendant contends that he is "actually innocent" of the offense charged under § 924(c) because attempted armed bank robbery is not a crime of violence after *Taylor*. Further, Defendant claims that the Government deprived him of constitutional rights by bringing this "erroneous charge" and "giv[ing] a jury instruction that misl[ed] the jury into believing that attempt and conspiracy charges were crimes of violence . . . ." (Doc. 417 at 3.) The burden is on the movant to show he is entitled to coram nobis relief on the merits of his claim. *Willis*, 654 F.2d at 24. "[T]he Eighth Circuit has required movants to show a compelling basis for coram nobis relief." *Kandiel v. United States*, 964 F.2d 794, 796-97 (8th Cir. 1992).

Ultimately, Defendant has failed to show a fundamental error in his conviction or otherwise demonstrate a compelling reason for coram nobis relief because attempted robbery under 18 U.S.C. § 2113(a) and (d) categorically remains a crime of violence post-*Taylor*. The *Taylor* opinion

3

narrowly interprets the definition of a "crime of violence" as it applies to attempted *Hobbs Act robbery*. 596 U.S. at 860 (holding that Taylor's attempted Hobbs Act robbery conviction does not support a separate § 924(c) conviction as a matter of statutory interpretation because the conviction does not "require the government to prove the use, attempted use, or threatened use of force"). However, the Eighth Circuit in the post-*Taylor* context has concluded that attempted bank robbery in violation of 18 U.S.C. § 2113(a), unlike attempted Hobbs Act robbery, is categorically a crime of violence. *See United States v. Spratt*, No. CR23-4011-LTS, 2023 WL 4108201, at \*3 (N.D. Iowa June 21, 2023) (denying Spratt's motion to dismiss charged offense under § 924(c) predicated on attempted bank robbery in violation of § 2113(a), distinguishing *Taylor* and finding that attempted bank robbery under § 2113(a)—unlike attempted Hobbs Act robbery as discussed in *Taylor*—constitutes a crime of violence), *aff'd* 141 F.4th 931, 936-37 (8th Cir. 2025) (holding that attempted bank robbery is a crime of violence).[3]

The Eighth Circuit is not alone in reaching the conclusion that attempted bank robbery under § 2113(a) is a crime of violence. In *Henderson v. United States*, No. 21-11740, 2025 WL 1078231 (11th Cir. Apr. 10, 2025), the Eleventh Circuit concluded that "an attempted bank robbery is a crime of violence because it requires proof that the defendant used, attempted to use, or threatened to use force" and accordingly an offense under § 2113(a) is a "valid predicate offense" for a § 924(c) conviction. *Id.* at \*5. Courts have also concluded that attempted armed bank robbery under § 2113(d) is a crime of violence post-*Taylor*. *See United States v. Straite*, __ F.4th __, 2026 WL 137868 (4th Cir. 2026) ("When a defendant has been properly convicted of an attempted armed robbery under Section 2113(d), he has committed a crime of violence under Section 924(c)(3).").[4] Finally, the Third Circuit in *United States v. Vines*, 134 F.4th 730 (3d Cir. 2025), held that attempted bank robbery under both § 2113(a) and (d) were crimes of violence. *Id.* at 733 ("Even without a weapon, attempted bank robbery under 18 U.S.C. § 2113(a)'s first paragraph is

---

[3] Spratt was not charged with attempted *armed* bank robbery, which is prohibited by § 2113(d), and the Eighth Circuit did not explicitly address in that case whether attempted armed banked robbery under § 2113(d) is a crime of violence. Here, Defendant was charged and convicted of attempted armed bank robbery in violation of both § 2113(a) and (d).

[4] The Fourth Circuit considered the issue of whether attempted bank robbery under § 2113(a) is independently a crime of violence but ultimately did not rule on the issue because the defendant was properly convicted under § 2113(a) and (d) for attempted armed bank robbery. *See Straite*, 2026 WL 1378668, at \*2-3 (discussing § 2113(a) interpretation but ultimately finding § 2113(d) "alone is sufficient to make it a categorical crime of violence").

a crime of violence because it requires making the attempt 'by force and violence, or by intimidation.' And adding a gun makes the robbery no less violent.").[5]

Here, Defendant was charged with and convicted of attempted armed bank robbery in violation of § 2113(a), (d) and Section 2. In light of the foregoing precedent, the Court concludes that Defendant's offense under § 2113(a) and (d) is a crime of violence and thus was a valid predicate offense for his conviction under § 924(c). Therefore, Defendant is not entitled to coram nobis relief because he has not shown any error in his conviction or provided any other compelling reason for such relief.

## II. Defendant Has Shown No Adverse Collateral Consequences

In his motion for writ of error coram nobis, Defendant did not argue or provide any evidence that he is presently suffering any ongoing civil disabilities or adverse collateral consequences due to his conviction. (*See generally* Doc. 417.) "The Eighth Circuit has . . . stated that a person seeking coram nobis relief must demonstrate that he presently suffers adverse legal consequences which stem from the conviction he is challenging." *Hunter v. United States*, 317 F. Supp. 2d 1147, 1148 (D.N.D. 2004) (citing *Stewart v. United States*, 446 F.2d 42, 43-44 (8th Cir. 1971));[6] *see also Baranski v. United States*, No. 4:11-cv-123 CAS, 2016 WL 1258583, at *23 (E.D. Mo. Mar. 31, 2016) ("[C]oram nobis relief is not available 'unless a petitioner can show that he . . . suffers from ongoing civil disabilities, or adverse collateral consequences, due to his . . . allegedly wrongful conviction." (quoting *Tufte*, 16 F.3d 1228, at *1)), *aff'd* 880 F.3d 951 (8th Cir. 2018). In *Stewart*, the Eighth Circuit found that the movant "must demonstrate that he is suffering from present advense [sic] consequences" to be entitled to coram nobis relief and remanded to the district court to consider movant's contention that he was suffering present adverse consequences. *Stewart*, 446 F.2d at 44.

---

[5] While the Eighth and Eleventh Circuits did not expressly rule on the issue of whether attempted *armed* bank robbery under § 2113(d) is a crime of violence, the Court is persuaded by the Third Circuit's position that having found attempted bank robbery under § 2113(a) is a crime of violence, that introducing a gun to the offense "makes the robbery no less violent." Moreover, "Section 2113(a) is the lesser-included offense of Section 2113(d). Thus, if attempted bank robbery under Section 2113(a) is categorically a crime of violence, then so is attempted armed bank robbery under Section 2113(d)." *Straite*, 2026 WL 1378668, at *1.

[6] *Hunter* further supported this proposition by citing caselaw from other circuits. *Id.* (citing *United States v. Mandanici*, 205 F.3d 519, 524 (2nd Cir. 2000); *Hager v. United States*, 993 F.2d 4, (1st Cir. 1993); *Howard v. United States*, 962 F.2d 651 (7th Cir. 1992); *United States v. Drobny*, 955 F.2d 990 (5th Cir. 1992); *United States v. Stoneman*, 870 F.2d 102 (3d Cir. 1989).

Here, however, Defendant has made no claim that he is suffering adverse collateral consequences or civil disabilities as a result of his conviction. Defendant was aware that he was required to "demonstrate he is suffering civil disabilities" in seeking coram nobis relief. (Doc. 417 at 3 (quoting *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994).) Based on the record before it, the Court cannot conclude that Defendant is suffering adverse collateral consequences or civil disabilities. This serves as an independent basis upon which to deny Defendant coram nobis relief.

## III.  Permitting Coram Nobis Relief Is Procedurally Improper

Finally, even if Defendant were entitled to the relief he seeks on the merits, he is procedurally barred from seeking coram nobis relief at this time because he has not presented credible new evidence or identified a new rule of constitutional law that was previously unavailable to him which would entitle him to a second challenge to his conviction after his previously unsuccessful § 2255 motion.

In *Baranski*, the Eighth Circuit held that § 2255(h)(1) and (h)(2)—the restrictions on second or successive § 2255 motions—apply to a petition for writ of error coram nobis by a petitioner no longer in custody. 880 F.3d at 956. Here, Defendant previously filed a motion under 28 U.S.C. § 2255, which was denied by the district court. *See Bowman v. United States*, No. 4:08-cv-00109-GAF (W.D. Mo. Aug. 18, 2008), *certificate of appealability denied*, No. 10-3852 (8th Cir. Apr. 7, 2011). Thus, Defendant's instant motion for writ of error coram nobis is treated the same as a second or successive § 2255 motion and Defendant must show "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at 955.

Defendant relies solely on the holding in *Taylor* to challenge his § 924(c) conviction. However, *Taylor* does not provide a new rule of constitutional law which would warrant relief. As discussed above, *Taylor* interprets the definition of "crime of violence" as it relates to Hobbs Act robbery. Therefore, even assuming *Taylor* is retroactive, it does not provide a new rule of constitutional law and he is not entitled to relief because his § 924(c) conviction rests on a predicate

offense of attempted bank robbery under 18 U.S.C. § 2113(a) and (d), which as discussed at length above is still considered a crime of violence post-*Taylor*.[7]

**Conclusion**

Accordingly, after careful consideration and for the reasons explained above, Defendant's pro se motion for a writ of error coram nobis, (Doc. 417), is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 2, 2026

---

[7] The Government also argues that coram nobis relief is improper because Defendant waited 41 months after the Supreme Court issued its decision in *Taylor* to seek relief.  This delay may provide further support for the denial of relief sought herein.  However, the Eighth Circuit has not definitively addressed what delay is permissible in seeking coram nobis relief.  The district courts in the circuit have taken various approaches, including applying § 2255's 1-year limitations period, *see United States v. Estrada-Perez*, No. 02-403(3) (DSD/AJB), 2011 WL 2965249, at *2 (D. Minn. July 22, 2011), or applying a broader principle that "to qualify for coram nobis relief, a petitioner must have a valid reason for not attacking the conviction earlier," *United States v. Polukhin*, No. 15-261 ADM/BRT, 2021 WL 411204, at *4 (D. Minn. Feb. 5, 2021) (citing *United States v. Shoupe*, 299 F. App'x 610, 610-11 (8th Cir. 2008)).